IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRIS CORREIA, <br> derivatively on behalf of FITBIT, INC., <br> <br> Plaintiff, <br> <br> v. <br> <br> JAMES PARK, WILLIAM ZERELLA, <br> ERIC N. FRIEDMAN, JONATHAN D. <br> CALLAGHAN, STEVEN MURRAY, <br> and CHRISTOPHER PAISLEY, <br> <br> Defendants, <br> <br> and <br> <br> FITBIT, INC., <br> <br> Nominal Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C.A. No. 17-108-RGA |

**STIPULATION AND [PROPOSED] ORDER OF DISMISSAL**

Plaintiff Chris Correia ("Plaintiff"), Nominal Defendant Fitbit, Inc. ("Fitbit"), and Defendants James Park, William Zerella, Eric N. Friedman, Jonathan D. Callaghan, Steven Murray, and Christopher Paisley ("Individual Defendants" and together with Fitbit, "Defendants"), by and through their undersigned counsel, hereby submit this Stipulation and [Proposed] Order to dismiss this shareholder derivative action (the "Derivative Litigation") with prejudice in light of the following:

WHEREAS, on February 2, 2017, Plaintiff filed his Verified Shareholder Derivative Complaint (the "Derivative Complaint");

WHEREAS, Fitbit has been served with the Derivative Complaint and counsel for the Individual Defendants has accepted service on their behalf;

WHEREAS, the Derivative Complaint asserts claims against Defendants, each of whom was named as a defendant in an earlier-filed securities class action captioned *Robb v. Fitbit, Inc., et al.*, Case No. 3:16-cv-00151 (the "Federal Securities Class Action"), filed in the United States District Court for the Northern District of California;

WHEREAS, on April 23, 2018, Judge Illston entered an Order and Final Judgment in the Federal Securities Class Action, granting final approval of a settlement entered into by and between the parties to the Federal Securities Class Action;

WHEREAS, related derivative actions, purportedly on behalf of Fitbit are pending in the Delaware Court of Chancery, *In re Fitbit, Inc. Stockholder Derivative Litigation*, Consolidated C.A. No. 2017-0402-JRS (the "Chancery Court Action") and the United States District Court for the Northern District of California, *In re Fitbit, Inc. Shareholder Derivative Litigation*, Lead Case No. 3:16-cv-06558-SI (the "California Derivative Action");

WHEREAS, beginning on March 21, 2017, pursuant to stipulation, the Court stayed the Derivative Litigation, first pending resolution of the Federal Securities Class Action (D.I. 7) and, following resolution of the Federal Securities Class Action, pending resolution of the Chancery Court Action (D.I. 14);

WHEREAS, between November 2016 and February 2017, Anne Bernstein, Bright Agyapong, and Michael Hackett individually served three separate requests on Fitbit to inspect books and records pursuant to Delaware General Corporation Law Section 220 (collectively, "Books and Records Demands");

WHEREAS, in response to Books and Records Demands, Fitbit produced approximately 1,500 pages of internal company documents (the "220 Production"), including, among other things:  (1) independence questionnaires for Fitbit's Board members; (2) insider

trading policies and procedures; (3) Board and committee policies and charters; (4) formal board minutes and materials concerning PurePulse<sup>TM</sup>, Fitbit's securities, compliance practices, the June 18, 2015 Initial Public Offering, the November 13, 2015 Secondary Public Offering, and sales by Defendants; and (5) studies and reports regarding the accuracy of PurePulse<sup>TM</sup> that were part of materials sent to some of the Individual Defendants;

WHEREAS, Bernstein, Hackett, and Agyapong subsequently filed derivative complaints in the Delaware Court of Chancery;

WEHREAS, on September 8, 2017, the Delaware Court of Chancery consolidated into the Chancery Court Action the derivative action filed by Bright Agyapong and the derivative actions filed by Anne Bernstein and Michael Hackett;

WHEREAS, on March 20, 2018 plaintiffs in the Chancery Court Action filed a Verified Second Amended Consolidated Stockholder Derivative Complaint (the "Complaint") on behalf of Fitbit against the Individual Defendants asserting claims for breach of fiduciary duty arising out of the same facts and circumstances at issue in the Derivative Complaint;

WHEREAS, on April 4, 2018, Defendants' filed a motion to dismiss the Chancery Court Action;

WHEREAS, on December 14, 2018, the Delaware Court of Chancery issued a Memorandum Opinion denying Defendants' motion to dismiss the Chancery Court Action;

WHEREAS, on December 24, 2018, Fitbit filed an application for certification of interlocutory appeal;

WHEREAS, on January 14, 2019, the Delaware Court of Chancery issued an order refusing certification of interlocutory appeal, and on January 30, 2019, the Supreme Court of Delaware issued an order refusing the interlocutory appeal;

WHEREAS, on November 1, 2019, Fitbit announced that it had agreed to be acquired by Google, LLC ("Google"), which will result in Google owning 100% of Fitbit, upon close;

WHEREAS, the parties to the Chancery Court Action have reached a settlement that will resolve the claims alleged in the Chancery Court Action, the California Derivative Action, and this Derivative Litigation (the "Settlement");

WHEREAS, pursuant to the terms of the Settlement, Fitbit shall provide notice of the Settlement to each person who is a Fitbit stockholder of record of as of the date that the Settlement stipulation is filed in the Chancery Court Action;

WHEREAS, pursuant to the terms of the Settlement, plaintiffs in the California Derivative Action have filed notices to dismiss that action with prejudice;

WHEREAS, pursuant to the terms of the Settlement, Plaintiff has agreed to dismiss this Derivative Litigation with prejudice;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the parties, through their undersigned counsel and subject to the approval of the Court as follows:

1. The above-captioned action and all claims asserted therein are dismissed with prejudice pursuant to Federal Rules of Civil Procedure 23.1(c) and 41(a)(1)(A)(ii); and

2. Each party is to bear his, her, or its own costs and attorneys' fees.

| FARNAN LLP | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| /s/ Brian E. Farnan<br>Brian E. Farnan (No. 4089)<br>Michael J. Farnan (No. 5165)<br>919 N. Market Street, 12th Floor<br>Wilmington, Delaware 19801<br>(302) 777-0300<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com<br><br>*Attorneys for Plaintiff*<br><br>OF COUNSEL:<br><br>THE BROWN LAW FIRM, P.C.<br>Timothy W. Brown<br>240 Townsend Square<br>Oyster Bay, New York 11771<br>(516) 922-5427<br>tbrown@thebrownlawfirm.net<br><br>Dated: June 19, 2020 | /s/ Robert M. Vrana<br>Elena C. Norman (No. 4780)<br>Anne Shea Gaza (No. 4093)<br>Robert M. Vrana (No. 5666)<br>1000 North King Street<br>Rodney Square<br>Wilmington, Delaware 19801<br>(302) 571-6600<br>enorman@ycst.com<br>agaza@ycst.com<br>rvrana@ycst.com<br><br>*Attorneys for Nominal Defendant Fitbit, Inc.*<br><br>OF COUNSEL:<br><br>MORRISON & FOERSTER LLP<br>Anna Erickson White<br>Mark D. McPherson<br>Ryan M. Keats<br>425 Market Street<br>San Francisco, California 94105<br>(415) 268-7000<br>awhite@mofo.com<br>mmcpherson@mofo.com<br>rkeats@mofo.com |

IT IS SO ORDERED this 19 day of June, 2020.

The Honorable Richard G. Andrews

26669641